Harold Bell Company v. Commissioner.
Harold Bell Co. v. Commissioner
Docket No. 42165.
United States Tax Court
T.C. Memo 1955-103; 1955 Tax Ct. Memo LEXIS 237; 14 T.C.M. (CCH) 343; T.C.M. (RIA) 55103; April 25, 1955
*237 M.U.S. Kjorlaug, Esq., for the petitioner. M. Clifton Maxwell, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioner's income tax for the taxable year 1948 in the amount of $19,703.76. The issue presented is whether for the taxable year involved the amount of $42,000 received by the petitioner-lessor in excess of the yearly rental from the lessee constitutes prepaid rent taxable to petitioner. Findings of Fact Petitioner, which kept its books and records on the accrual method of accounting, filed its corporation income tax return for the calendar year 1948 with the collector of internal revenue for the first district of Texas, at Austin. During the taxable year 1948, J. Harold Bell and his brother, E. Crews Bell, owned 75 per cent and 25 per cent, respectively, of the stock of petitioner and of the Bell Transportation Company, a Texas corporation, hereinafter referred to as Transportation Company. Both stockholders died in an automobile accident on January 6, 1950. Transportation Company was engaged in the business of oil filed hauling and carried on its activities in over 20 states. The items *238 hauled were bulky and considerable storage space was required. Petitioner had been organized on June 1, 1946, for the purpose of acquiring and owning the real estate necessary for the storage operations of Transportation Company. In January 1948 Transportation Company leased certain lots from petitioner for a period from January 1948 to January 1950 at a monthly rental of $3,500. In March 1948 Transportation Company leased additional lots from petitioner at a monthly rental of $500. The term of this lease was from March 1948 to January 1950. During the taxable year 1948 the rentals received from Transportation Company constituted petitioner's sole source of income. Petitioner's receipts and disbursements for 1948 were as follows: Receipts: Bell Transportation Company
$ 95,000.00
City National Bank
35,000.00
J. H. Bell
26,600.00
E. C. Bell
14,000.00
Repayment of earnest money
500.00
Total
$171,100.00
Disbursements: Lots purchased and fees
$ 64,831.26
City National Bank (principal and
interest)
46,103.39
Building costs
32,673.24
Rice Institute note payments
8,620.60
E. C. Bell
8,483.81
Miscellaneous capital expenditures
6,572.05
Interest (J. H. Bell and E. C. Bell)
3,289.14
Income tax
2,974.14
City taxes
1,425.15
Bell Transportation Company
874.80
Earnest money payments
770.00
Insurance
510.73
State and county taxes
352.47
Total
$177,480.78
*239 From January 1948 through March 1948, inclusive, the funds received by petitioner from Transportation Company were credited directly to income. After March 16, 1948, the payments were credited to a ledger account entitled "Bell Transportation Company," which account title was subsequently changed in August 1949 to "Deferred Income Account (Prepaid Rentals)." This change was made to conform the account title to that shown on petitioner's income tax return. During 1948 the credits to this account totaled $81,000, representing cash received except for a $3,000 credit on December 31, 1948, for administrative expenses paid by Transportation Company on behalf of petitioner. Debits to the account during 1948 totaled $36,000, representing charges for rent from April through December. The debits of $36,000, plus $11,000, representing the rental payments from January through March, inclusive, aggregated $47,000, which was the amount of rent reported by petitioner in its return for 1948. On December 31, 1948, the account had a balance of $45,000, of which amount $3,000 represented administrative expenses paid by Transportation Company. Of such balance $42,000 represents cash payments received *240 from Transportation Company. During 1949 the credits to the Bell Transportation Company "Prepaid Rentals" account on petitioner's books totaled $49,300, of which amount $47,050 represented cash paid to petitioner and $2,250 represented credits for administrative expenses. The debits to such account for 1949 totaled $57,000, of which amount $3,000 represented cash reimbursement to Transportation Company for the administrative expenses paid by such company in behalf of petitioner on December 31, 1948. The remaining debits, totaling $54,000, represented four quarterly rent charges of $13,500 each. The rent had apparently increased in 1949 from the amount of $4,000 monthly due under the above leases to the amount of $4,500 monthly. The account had a credit balance of $22,300 at December 31, 1949. Payments made by Transportation Company to petitioner during 1948 were recorded on its books in an account entitled "Prepaid Rent." The debits to this account totaled $80,235, representing cash payments made to petitioner. The credits to the account totaled $37,815, representing periodic charges to rent expense. On December 31, 1948, the account had a debit balance of $42,420. On its return *241 for 1948 Transportation Company claimed $48,815 as operating rents for the year. The debits to the "Prepaid Rental" account in the books of Transportation Company for 1949 totaled $50,680, representing payments made to petitioner and to Crews Bell Company. The credits to that account for 1949 totaled $58,680, representing periodic charges to rent expense. The account had a debit balance of $34,420 on December 31, 1949. Transportation Company claimed $60,180 as operating rents in its income tax return for 1949. The balance sheets on the income tax returns for 1948 and 1949 reflect the amounts of $56,828.88 and $46,401.69, respectively, as "Prepayments, etc." in its assets section. On the petitioner's tax return for 1948 its balance sheet reflects the amount of $42,000 under liabilities, which is designated "Unearned Rents." In determining the deficiency the respondent added to gross income the amount of $42,000 with the following explanation: "It has been determined that the $42,000.00 you received from Bell Transportation Company in 1948 as advance rental constitutes income to you for 1948." In the taxable year 1948 the petitioner received the sum of $42,000 as advance rental. *242 Opinion LEMIRE, Judge: The petitioner challenges the respondent's determination that the balance of $42,000 of cash payments received from Transportation Company in 1948, and recorded on its books as "Prepaid Rent," constituted taxable income in 1948. Petitioner's sole contention is that the cash payments received in 1948 in excess of the yearly rent due under its leases with Transportation Company were advanced for the purposes of enabling it to acquire real estate necessary for the storage operations of Transportation Company, and its use and disposition of such cash was so restricted. The petitioner has the burden of showing that the cash payments received were not in fact advance rentals and not unrestricted funds available for any corporate purpose. The burden of establishing its premise is the more difficult here by reason of the fact that the two stockholders of the two corporations involved died in a common disaster and were not available as witnesses. We have set forth in our findings of fact how the transactions were recorded in the books, records, and returns of the respective corporations. Based on the records alone, the only reasonable inference to be drawn is *243 that the cash payments by Transportation Company were made and received by petitioner with the intent that they be regarded as prepayment of rent. While the books and records are not to be regarded as conclusive as to the facts recorded, clear and convincing proof is required to establish that the true fact is to the contrary. We are not persuaded that the petitioner has met such requirement. In support of its position the petitioner offered the testimony of Walter C. Burer, a certified public accountant in whose office the returns of the two corporations were prepared, and Daniel F. Ainsworth, a vice president and general manager of both corporations. With respect to the purpose for which the cash payments were made by Transportation Company, their testimony is in accord. Their testimony, in substance, is to the effect that the petitioner required funds for the purpose of acquiring real estate to make available to Transportation Company adequate storage facilities. Each witness expressed the opinion, based on their relationship with the deceased officers and stockholders, that it was the intent that the funds in question were advanced for such restricted use. Each witness further *244 stated that such funds could have been used for any other corporate purpose. It does not appear that the cash advances were earmarked. They were commingled with other general corporate funds. No promissory notes were executed covering the funds in question and no interest was charged or paid. Unquestionably, the moneys were advanced so that the petitioner could make available necessary storage to its lessee. In our opinion, the record indicates that it was the intent of the parties that the advance payments were to be regarded as prepaid rent and subject to the unrestricted control and use of the petitioner rather than the contrary. The petitioner concedes that if the payments here in question are determined to be advance rental such payments constituted taxable income in 1948. We, having so found as a fact, sustain the respondent on this issue. Decision will be entered for the respondent.